Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
SERGIO CALDERON, individually and on behalf of all others similarly situated,

                          Plaintiff,

-against-

ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC., and JEFFREY SILVERMAN, as an individual,

                          Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiff, **SERGIO CALDERON, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **SERGIO CALDERON, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC., and JEFFREY SILVERMAN, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC., located at 160 W Old Country Rd. Unit 5, Hicksville, NY 11801.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, SERGIO CALDERON, was employed from in or around March 2010 until in or around December 2019 by Defendants at ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC., located at 160 W Old Country Rd. Unit 5, Hicksville, NY 11801.

9. Defendant, ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC. is a corporation organized under the laws of New York.

10. Defendant, ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC. is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant, ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC. is a corporation organized under the laws of New York with a principal executive office at 160 W Old Country Rd. Unit 5, Hicksville, NY 11801. Upon information and belief, Defendant, JEFFREY SILVERMAN, owns and operates ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC.

12. Upon information and belief, Defendant, JEFFREY SILVERMAN, is an agent of ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC.

...

13. Upon information and belief, Defendant, JEFFREY SILVERMAN, has power over personnel decisions at ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC.

14. Upon information and belief, Defendant, JEFFREY SILVERMAN, has power over payroll decisions at ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC.

15. Defendant, JEFFREY SILVERMAN, has the power to hire and fire employees, including the Plaintiff, at ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

16. During all relevant times herein, Defendant, JEFFREY SILVERMAN, was Plaintiff's employer within the meaning of the FLSA and NYLL.

17. On information and belief, ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

18. Plaintiff, SERGIO CALDERON, was employed from in or around March 2010 until in or around December 2019 by Defendants at ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC.

19. During Plaintiff, SERGIO CALDERON'S employment by Defendants, Plaintiff's primary duties were as a laborer, installing gutters and working on roofs, while performing other miscellaneous duties from in or around March 2010 until in or around December 2019.

20. Plaintiff, SERGIO CALDERON, was paid by Defendants approximately $750.00 per week from in or around July 2014 until in or around December 2016, approximately $900.00 per week from in or around January 2017 until in or around December 2018,

and approximately $1,000.00 per week from in or around January 2019 until in or around December 2019.

21. Plaintiff worked approximately fifty-seven (57) hours or more per week during his employment by Defendants from in or around July 2014 until in or around December 2019.

22. Although Plaintiff, SERGIO CALDERON, worked approximately fifty-seven (57) hours or more per week during his employment by Defendants from in or around July 2014 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

23. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

24. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

25. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

27. Collective Class: All persons who are or have been employed by the Defendants as laborers installing gutters and working on roofs, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

28. Upon information and belief, Defendants employed between 10 and 15 employees within the past three years subjected to similar payment structures.
29. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
30. Defendants' unlawful conduct has been widespread, repeated, and consistent.
31. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
32. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
34. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
35. The claims of Plaintiff are typical of the claims of the putative class.
36. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

# FIRST CAUSE OF ACTION
## Overtime Wages Under The Fair Labor Standards Act

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
39. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
40. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
41. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
42. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
43. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
46. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
47. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which

Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

48. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
50. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
51. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FORTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
53. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
54. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 8th day of July 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SERGIO CALDERON, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC., and JEFFREY SILVERMAN, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC.
160 W OLD COUNTRY RD. UNIT 5
HICKSVILLE, NEW YORK 11801**

**JEFFREY SILVERMAN
1447 ANDREWS LANE
EAST MEADOWS, NEW YORK 11554**

**JEFFREY SILVERMAN
160 W OLD COUNTRY RD. UNIT 5
HICKSVILLE, NEW YORK 11801**

9